**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 12-2383
_____

UNITED STATES OF AMERICA

v.

STEPHEN ANTHONY FAVATO

Stephen A. Favato,

Appellant

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2-09-cr-00237-001)
District Judge:  Honorable Stanley R. Chesler

Submitted under Third Circuit LAR 34.1(a)
on July 18, 2013

Before:  RENDELL, SMITH and ROTH, Circuit Judges

(Opinion filed:  August 5, 2013)

O P I N I O N

**ROTH**, Circuit Judge:

Stephen Favato appeals his conviction of one count of corruptly endeavoring to obstruct or impede the due administration of the internal revenue laws in tax years 2002-2004, in violation of 26 U.S.C. § 7212(a), and one count of aiding and assisting in the filing of a false tax return for the 2002 tax year, in violation of 26 U.S.C. § 7206(2). For the reasons that follow, we will affirm the District Court's judgment.

## I. Background

Favato was an accountant with the accounting firm BDO Seidman. While at BDO, Favato prepared personal tax returns for Daniel Funsch, CEO of Intarome Fragrance Corporation. Favato prepared and filed a fraudulent tax return for Funsch for the 2002 tax year. He also prepared false returns for Funsch for tax years 2003 and 2004.[1] These returns contained false claims for (1) expenses and depreciation for a commercial yacht owned by Great Escape Yachts, LLC, which Funsch held for personal use (Yacht Scheme); (2) a reduction in the actual gain Funsch recognized on the sale of his personal residences (Real Estate Scheme); and (3) falsely increased charitable donation reports (Charity Scheme).

At trial, the government presented recorded conversations, documentary evidence, and testimony to demonstrate that Favato knowingly and willfully prepared the fraudulent returns for tax years 2002, 2003, and 2004. The only recorded conversations between Funsch and Favato were from tax years 2003 and 2004, so the government relied on Funsch's testimony to establish Favato's complicity in the 2002 tax return. Over

---

[1] These returns were never filed because Funsch became an informant for the government in 2004.

Favato's objection, the District Court also admitted portions of a 2002 recorded conversation between Funsch and his then-personal accountant, John Rosenberger, as a prior consistent statement to rebut Favato's assertion that Funsch had fabricated trial testimony about Favato's involvement in the 2002 return. Favato also objected to the model jury instruction used at trial. The jury found Favato guilty of both the aforementioned counts.[2] Favato filed a Rule 29 motion for acquittal and a Rule 33 motion for a new trial on the grounds that there was insufficient evidence to support the jury's verdict. The District Court denied both motions. This appeal followed.

## II. Discussion[3]

Favato raises four arguments on appeal: (1) the District Court abused its discretion in admitting recorded statements made by Funsch as prior consistent statements under Federal Rule of Evidence 801(d)(1)(B), (2) the District Court provided erroneous jury instructions on the term "willfulness," (3) the District Court erred in denying his motion for a judgment of acquittal under Rule 29, and (4) the District Court abused its discretion in denying his motion for a new trial under Rule 33. Favato's arguments are unavailing. For the reasons that follow, we will affirm the District Court's judgment.

### A. The Prior Consistent Statements

Favato argued at trial, and now argues again, that recordings between Rosenberger and Funsch, describing Favato's complicity in the Yacht Scheme in 2002, should not

---

[2] The jury acquitted Favato of one count of attempting to evade Funsch's federal income tax for 2002, in violation of 26 U.S.C. § 7201.
[3] The District Court had subject matter jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction over this appeal under 28 U.S.C. § 1291.

have been admitted as prior consistent statements under Rule 801(d)(1)(B).  We review a district court's ruling on the admissibility of a prior consistent statement for an abuse of discretion.  *United States v. Frazier*, 469 F.3d 85, 87 (3d Cir. 2006).  There are four criteria that must be met for the proper admission of a prior consistent statement:

> (1) the declarant must testify at trial and be subject to cross-examination;
> (2) there must be an express or implied charge of recent fabrication or improper influence or motive of the declarant's testimony;
> (3) the proponent must offer a prior consistent statement that is consistent with the declarant's challenged in-court testimony; and,
> (4) the prior consistent statement must be made prior to the time that the supposed motive to falsify arose.

*Id.* at 88.

The District Court did not abuse its discretion in admitting the 2002 recordings.  Funsch's statements to Rosenberger about Favato's complicity in the Yacht Scheme met the aforementioned criteria.  First, Funsch testified at trial and was subject to cross-examination.  Second, during cross-examination, Favato's questions plainly accused Funsch of having the improper motive to do/say anything to stay out of jail, including lie about Favato's complicity in the Yacht Scheme.  Third, the two Rosenberger recordings—the prior consistent statements in question—were consistent with Funsch's trial testimony about Favato's involvement in the Yacht Scheme.  Finally, these statements were made during the pre-motive period:  the District Court determined that the "motive to lie" period began when Funsch was first confronted by the government;

4

Funsch made these statements prior to that confrontation.[4]

Moreover, even if there was error, any error was harmless. We find harmless error if there is a high probability the error did not contribute to the judgment. *See United States v. Dispoz-O-Plastics, Inc.*, 172 F.3d 275, 286 (3d Cir. 1999). Other admitted evidence included recorded conversations where Favato directly offered Funsch advice on how to evade his taxes. While the two recordings with Rosenberger helped to prove the government's case, there was ample other evidence presented at trial that would have allowed the jury to reach a guilty verdict independent of the recordings.

B. The Jury Instruction on "Willfulness"

Favato argues that the District Court's jury instruction on willfulness—an element of the crime of assisting in the filing of a false income tax return—was incorrect because it led the jury to conclude that any violation of a professional or ethical accounting rule amounted to a willful violation.

We exercise plenary review in determining "whether the jury instructions stated the proper legal standard" and review the refusal to give a particular instruction or the wording of instructions for an abuse of discretion. *United States v. Khorozian,* 333 F.3d 498, 507-08 (3d Cir. 2003). It is within the discretion of the trial judge to determine the particular language to be employed when charging the jury. *United States v. Piekarsky*,

---

[4] Favato argues that the Yacht Scheme existed before Favato prepared Funsch's tax returns and also argues that it was possible that Funsch was aware he was being recorded by Rosenberger. These facts, true or not, are irrelevant for the purposes of assessing whether the statements were admissible. The dispositive concern is whether Funsch's pre-motive statements, explaining that Favato knew the Yacht Scheme was a sham, are consistent with his trial testimony. As noted above, they are.

687 F.3d 134, 142 (3d Cir. 2012). "Refusal to give a proposed instruction is reversible error only if the omitted instruction is correct, is not substantially covered by other instructions, and is so important that its omission prejudiced the defendant." *United States v. Urban*, 404 F.3d 754, 779 (3d Cir. 2005) (internal citation and quotation marks omitted). Favato cannot establish any of these factors, so his claim of error fails.

Favato's proposed jury charge was incorrect. Favato requested a jury instruction stating that "it is the taxpayer who signed the return under penalties of perjury . . . who is ultimately responsible for the accuracy of the return that is filed." This instruction misstated the law and could have confused the jury because it could imply that assisting in the preparation of a false tax return is not a crime. However, assisting in tax fraud is a crime regardless of "whether or not such falsity or fraud is with the knowledge or consent of the [taxpayer]." *See* 26 U.S.C. § 7206(2).

As for willfulness, to establish a willful violation of the tax code, the government must prove "the voluntary, intentional violation of a known legal duty." *United States v. McKee*, 506 F.3d 225, 236 (3d Cir. 2007). Where a defendant proves that he had a good faith belief that he did not violate the tax code, regardless of whether that belief was objectively reasonable, he establishes that he did not act willfully. *United States v. DeMuro*, 677 F.3d 550, 557 (3d Cir. 2012). The District Court explained this standard through an instruction from the Third Circuit's pattern jury instruction on willfulness. This included an instruction that conduct is not willful if performed through negligence, mistake, accident, or due to a good faith misunderstanding of the requirements of the law. The District Court also included a separate instruction explaining that good faith on the

6

part of Favato would be a complete defense—inconsistent with his acting knowingly, intentionally, or willfully. These instructions correctly stated the law and permitted Favato to argue his theory of the case regarding good faith accounting practices. *Cf. United States v. Flores*, 454 F.3d 149, 161 (3d Cir. 2006) ("So long as the court conveys the required meaning, the particular words used are irrelevant.").

For these reasons, the challenged jury instructions were not erroneous.

C. <u>The Denial of the Rule 29 Motion for a Judgment of Acquittal</u>

The District Court properly denied Favato's motion for a judgment of acquittal because the evidence was sufficient to establish Favato's guilt. We exercise plenary review over a district court's denial of a motion for acquittal. *United States v. Brodie*, 403 F.3d 123, 133 (3d Cir. 2005). Rule 29 provides that a district court must enter a judgment of acquittal of any offense "for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29. However, we will overturn a verdict only when "no reasonable juror could accept evidence as sufficient to support the conclusion of the defendant's guilt beyond a reasonable doubt." *United States v. Bryant,* 655 F.3d 232, 240 (3d Cir. 2011) (internal citation and quotation marks omitted).

Based on the evidence presented at trial, we conclude that the District Court properly found the government's evidence sufficient to support the jury's findings. In evaluating Favato's motion, the District Court emphasized that, however questionable Funsch's credibility may have been, in "substantial key portions it was unequivocally corroborated." The record contains recorded conversations during which Favato advised and instructed Funsch on how to evade his taxes. We agree with the District Court's

7

conclusion that these tape recordings established Favato's complicity in the Yacht Scheme, the Charity Scheme, and the Real Estate Scheme during tax years 2003 and 2004. The recordings also corroborate Funsch's testimony that Favato assisted in the preparation of a false income tax return for tax year 2002.

Thus, we hold that the District Court properly denied Favato's Rule 29 motion.

D. Denial of Motion for a New Trial

A district court should grant a Criminal Rule 33 motion for a new trial if the jury's verdict is contrary to the weight of the evidence. *United States v. Brennan*, 326 F.3d 176, 189 (3d Cir. 2003). A new trial should be ordered only if there is a serious danger that a miscarriage of justice occurred, *i.e.*, that an innocent person has been convicted. *See id.* We review the denial of a motion under Rule 33 for abuse of discretion. *United States v. Silveus*, 542 F.3d 993, 1005 (3d Cir. 2008). As discussed above, we conclude that the District Court properly found the government's evidence sufficient to support Favato's conviction. As a result, there was no danger that a serious miscarriage of justice occurred, and we find no error with the District Court's denial of the Rule 33 motion.

III. Conclusion

For the foregoing reasons, we will affirm the judgment of the District Court.